Opinion issued May 19, 2011.



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-08-00338-CR

———————————

Curtis Wayne Holcomb, Appellant

V.

State of Texas, Appellee



 



 

On Appeal from the 230th District
Court

Harris County, Texas



Trial Court Case No. 1141353

 



MEMORANDUM OPINION

A jury convicted appellant, Curtis Wayne Holcomb, of third-degree felony
theft[1]
and assessed his punishment at six years in prison.  Appellant challenges both the legal and
factual sufficiency of the evidence supporting the jury’s verdict.[2]  We affirm. 

Background

Appelant’s indictment
for theft by deception, or coercion, of items valued between $100,000 and $200,000
named a total of eight complainants (Mark Theodoridis,
Janet Lester, Marvin Bledsoe, Barbara Heins, Walter
Davis, Sandra Mathieu, Jose Hinojosa, and Josefina Hinojosa) and the theft was
alleged as one scheme and continuing course of conduct.  The State subsequently abandoned the charges
pertaining to the Hinojosas and Mathieu as
complainants and charged appellant with theft between $20,000 and $100,000 as
to the five remaining complainants. 
Appellant was tried together with his wife and co-defendant, Donna
Holcomb.

The complainants testified that
they contracted with either “All
Universal Services Company” or “Texas House Movers”—two businesses owned and
operated by appellant and his wife—for the purchase of older homes to be
moved to their property.  Each made a series of payments to the Holcombs as required under their contracts.  In some instances the checks were made
payable to appellant or his wife, individually. 
After partially performing the contracts—generally, placing the house on
beams and removing the roof of the house—the Holcombs
would regularly fail to return the buyer’s calls and eventually cease work on
the project.  The complainants testified
that after removing the roof, the Holcombs failed to
properly shield the interior and all suffered damage from the elements.  One complainant never received a copy of the
signed contract and another testified that she never signed because appellant’s
wife told her that her signature was not necessary.  Ultimately, not only were none of the houses
delivered, but the Holcombs never obtained the
permits required to move several of the houses and, in fact, did not even own
some of the houses they contracted to sell. 


While
Donna Holcomb handled most of the negotiations and contractual matters and
appellant’s task was the actual moving of the homes, the complainants testified
that appellant, too, worked with them and played a role in the sales side of
the couple’s business (i.e., showing
homes to prospective buyers, negotiating sales, executing sales contracts,
collecting payments).  Specifically,
Walter Davis testified that he entered into a contract with the Holcombs for the sale and delivery of a house in August
2006.  After making the first two
payments due under the contract—both of which were made payable to appellant,
individually—Davis did not hear from the Holcombs
again until he hired another company to move the house.  When the other company began working on the
project in January 2007, appellant arrived at the site and told the workers to
stop because the house belonged to him, not Davis.  The following message was subsequently
painted on the side of the house: 
“Notice, this house is the property of Curtis Holcomb.  Do not attempt to move.”

In
addition to the testimony and evidence presented regarding appellant’s dealings
with the five complainants, evidence of five other extraneous offenses was
introduced.  Specifically, five other
buyers who, like the complainants, contracted with the Holcombs, made a series of
payments and were met with only partial performance, no communication, and no
houses.

Although
appellant did not testify during the guilt-innocence phase of the trial, his
wife testified that their failure to deliver each of the homes was due to
either problems with the weather, mechanical problems, family illness, personal
problems, or was the fault of the complainant.

Discussion

In his first two points, appellant
contends that the evidence was legally and factually insufficient to prove the
requisite intent to commit the offense of aggregated theft, either as a
principal or a party.  Specifically, he
contends the evidence was insufficient to prove that he (1) unlawfully appropriated property, (2) acted
with the requisite intent of “deception” or “coercion,” or (3) acted with any
criminal intent whatsoever.  

a)   
Standard of
Review

This court reviews
sufficiency-of-the-evidence challenges applying the same standard of review,
regardless of whether an appellant raises a legal or a factual sufficiency
challenge.  See Ervin v. State, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (construing majority holding of Brooks v. State, 323 S.W.3d 893, 912, 926 (Tex. Crim. App. 2010)
(plurality and concurring ops.)).  Under
the standard enunciated in Jackson v. Virginia, evidence is insufficient
to support a conviction if, considering all the record evidence in the light
most favorable to the verdict, no rational fact finder could have found that
each essential element of the charged offense was proven beyond a reasonable
doubt.  See 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Brooks, 323 S.W.3d at 899 (plurality op.); Laster v.
State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  We can hold
evidence to be insufficient under the Jackson standard in two
circumstances: (1) the record contains no evidence, or merely a “modicum” of
evidence, probative of an element of the offense, or (2) the evidence
conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 & n.11;
see also Laster, 275 S.W.3d at 518.  An appellate court presumes that the fact
finder resolved any conflicts in the evidence in favor of the verdict and
defers to that resolution, provided that the resolution is rational.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.

b)   
Theft of Property

A person
commits theft “if he unlawfully appropriates property with intent to deprive
the owner of property.”  Tex. Penal Code Ann. § 31.03(a) (West Supp. 2010).  Appropriation of property is unlawful if it
“is without the owner’s effective consent.” 
Tex. Penal Code Ann.
§ 31.03(b)(1). 
Consent is not effective if it is induced by deception, which occurs
when an actor promises to do something that he or she “does not intend to
perform or knows will not be performed” or when he creates or confirms “by
words or conduct a false impression of law or fact that is likely to affect the
judgment of another in the transaction, and that the actor does not believe to
be true.”  See Tex. Penal Code Ann.
§ 31.01(1)(A), (E) (West Supp. 2010) (defining
“deception”); Tex. Penal Code Ann.
§ 31.01(3)(A) (stating consent not effective if
induced by deception or coercion). 
Intent may be inferred from the accused’s
conduct and surrounding circumstances.  See Guevara
v. State, 152 S.W.3d 45, 50 (Tex. Crim. App.
2004).  

Here, the jury charge authorized
the jury to convict appellant of the offense of theft of property either as a principal or
as a party to the offense.  See Tex.
Penal Code Ann. §7.02(a)(2) (West 2003).  Under the law of the parties, a person is
criminally responsible for an offense committed by the conduct of another if,
acting with intent to promote or assist the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense.  Id. 

c)    
Analysis

Appellant
contends that the State failed to prove that he had no intention of fulfilling
the contracts at the time he entered into them, and therefore, the State failed
to prove that he appropriated property through “deception” or “coercion.”  At most, appellant argues, the State merely
proved his partial performance and thus what amounted to civil disputes over
terms and conditions of the respective contracts.

Citing Phillips v.
State, 640 S.W.2d 293, 294 (Tex. Crim. App. 1982) and Baker v. State, 986 S.W.2d 271, 274 (Tex. App.—Texarkana 1998, pet.
ref’d), appellant posits that failure to perform a
contract is not evidence that a defendant deceived the complainant into paying
him money.  The cases cited, however,
speak to “theft” in the context of the failure to perform a single
contract.  Here, the evidence of deception is echoed repeatedly and thus
substantially more significant than a single contract’s mere failure to
perform.  The jurors heard testimony that
the Holcombs entered into contracts with at least ten
different buyers over three and a half years, and time after time, after
collecting partial payments, refused to return the buyers calls or complete the
jobs.  A fact finder may infer from such patterns of conduct that the
actor intended the ultimate result—in this case, the failure to deliver the
houses as agreed.  See
Plante v. State, 692 S.W.2d 487, 491–93 (Tex.
Crim. App. 1985) (discussing doctrine of chances).  Testimony also
established that, although he did not sign many of the contracts, appellant was
generally present when they were executed; he showed homes to prospective
buyers; negotiated the sales contract with one complainant, and promised
another delivery by a certain date; collected payments (some payable to
appellant personally rather than his business); and performed or supervised
most of the work on the houses.

The jury was free to resolve the conflicting versions of the
testimony it heard from the complainants and appellant’s wife and to make its
own determinations as to credibility.  Viewed in the light most favorable
to the verdict, the evidence that appellant did not intend to fulfill the
contracts when he entered them was sufficient.  Accordingly, we overrule
both of appellant’s issues.

Having determined that the evidence was sufficient to
demonstrate that appellant acted with the requisite intent to comment the
offense of aggregated theft as a principal, we need not address whether the
evidence was sufficient to convict appellant as a party of the offense.

 

Conclusion

We affirm the judgment of the trial
court.

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Jennings, Alcala, and
Sharp.

Do not publish. 
Tex. R. App. P.
47.2(b).

 

 

 











[1]           Appellant
was convicted of the third-degree
felony offense of theft of property with a value of $20,000 or more but
less than $100,000.  See Tex. Penal Code Ann.
§ 31.03(a), (b), (e)(5) (West Supp. 2010), § 31.09
(West 2003).





[2]           Appellant
argues that the trial court erred in denying his motion for new trial because
the evidence was insufficient to support jury’s verdict.  We apply the same standard of review to a
trial court’s denial of a motion for new trial brought on the basis of
insufficient evidence as we do to appellate review of challenges to the legal
sufficiency of the evidence.  McCall v. State, 113
S.W.3d 479, 480 (Tex. App.—Houston [1st Dist.] 2003, no pet.).